IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREG BERNARDING and DAVID D. )
DAQUELENTE on behalf of the TRUSTEES OF )
THE IRON WORKERS WELFARE PLAN OF )
WESTERN PENNSYLVANIA, IRON WORKERS )
OF WESTERN PENNSYLVANIA PENSION PLAN )
AND THE IRON WORKERS OF WESTERN )
PENNSYLVANIA PROFIT SHARING PLAN, and )
as agents for THE IRONWORKER EMPLOYERS )
ASSOCIATION OF WESTERN PENNSYLVANIA, )
INC., THE INTERNATIONAL ASSOCIATION OF )
BRIDGE, STRUCTURAL AND ORNAMENTAL )
IRON WORKERS, LOCAL UNION NO. 3, AFL-CIO )
)
        Plaintiffs, )
)
  vs. ) Civil Action No.   2:18-CV-950
)
MIRACLE STEEL, INC., )
)
        Defendant. )

## COMPLAINT

1. Jurisdiction of this action arises under §502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145, and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, in that plaintiffs are aggrieved by defendant's failure to pay dues and fringe benefit contributions in violation of a certain collective bargaining agreement entered into with a local union affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO ("Iron Workers' Union"), an employee organization.

2. Plaintiff GREG BERNARDING is an Employer Trustee and Chairman of the Boards of Trustees of the IRON WORKERS WELFARE, PENSION AND PROFIT SHARING PLANS OF WESTERN PENNSYLVANIA, the ("Plans").  Plaintiff DAVID D. DAQUELENTE is an Employee Trustee and Co-Chairman of such Boards of Trustees. Plaintiffs and the Plans maintain their principal office at 2201 Liberty Avenue, Pittsburgh, Pennsylvania 15222.

3. Said Plans are employee benefit plans established and maintained pursuant to LMRA and ERISA, and plaintiffs are bringing this action on behalf of the trustees, participants and beneficiaries of said Plans.

4. Miracle Steel, Inc. is a contractor ("Contractor") that maintains its principal place of business at 5006 Lenker Street, Upper Level, Mechanicsburg, Pennsylvania 17050.

5. Defendant Contractor entered into a Labor Agreement ("Agreement") with the Union pursuant to which such defendant was to make certain monthly payments to Plans for pension, medical, profit sharing, dues and other purposes subject to the provisions of the certain trust agreements covering the Plans for the benefit of employees covered under such Agreement.

6. The aforedescribed Agreement and the provisions of ERISA require said Defendant Contractor to pay interest and liquidated damages if said defendant fails to timely file such reports and/or make such payments.

7. In violation of such Agreement, Defendant Contractor has failed to timely pay contributions and wage deductions for the period of December 2017 through June 2018 which has resulted in an estimated principal deficiency of $60,137.80.  Defendant Contractor is also obligated to submit to the Plans its July 2017 reports with payments by August 15, 2018 and all future reports with payment by the 15th of the month following the month in which the work is performed.  Plaintiffs estimate that each such monthly report will total at least $12,000.00.  In addition, interest through July 18, 2018 of at least $1,318.82 and liquidated damages of at least $12,856.92 are due Plaintiffs for a total deficiency of $74,313.54.  Interest will continue to accrue on the known delinquency after July 18, 2018 at the rate of $24.71 per day.

8. Plaintiffs also claim any additional amounts which may be shown to be due during the aforesaid contract periods as a result of any audits performed by the Plans, remittance reports prepared by Defendant Contractor to the Plaintiffs or estimates made by the Plans until the termination of this case.  If employer submits future late reports and/or payments

or it is determined by the Plaintiffs that the additional amounts are owed by Defendant Contractor to the Plaintiffs, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated damages at twenty (20%) percent times the principal amount owed by Defendant.  In the alternative, Plaintiffs reserve the right to assert a claim for such additional amounts due in a subsequent legal action.

9. Plaintiffs have demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

10. Defendant Contractor is also obligated to Plaintiffs to pay Plaintiffs' attorneys' fees of twenty percent (20%) of the total delinquency, but not less than Eight Hundred Fifty Dollars ($850.00).  Such fees total $14,862.71 through July 18, 2018.  Plaintiffs also claim attorneys' fees of twenty (20%) percent on any additional amounts shown to be due by Defendant Contractor to Plaintiffs until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

11. Defendant Contractor's failure to pay such delinquencies has caused the Plans to suffer loss of investment income and additional administrative expenses, and has resulted in less monies being available to provide pension, medical and other fringe benefits to ironworker beneficiaries and their families.

12. Plaintiffs are without an adequate remedy by law and are and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes, collective bargaining agreements and trust agreements herein described, and is restrained from continuing to refuse to perform as required.

WHEREFORE, plaintiffs demand the following relief:

(a) A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiffs pursuant to such agreements, and enjoining Defendant Contractor from disposing of

assets; and

  (b) For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiffs covering all aspects of such Defendant's business operations; and

  (c) For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees to enable Plaintiffs to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiffs; and

  (d) For a money judgment in favor of Plaintiffs and against Defendant Contractor in the sum of $89,176.25, plus such additional amounts shown to be owed to Plaintiffs until termination of this case, plus liquidated damages, attorneys' fees of 20% of total amount due and costs of suit; and

  (e) For an Order directing Defendant Contractor to either: (1) make a cash deposit of $20,000.00 with the Plans to secure payments to the Plans; or (2) to post a surety bond of $20,000.00 with the Iron Workers' Union to guarantee payment of wages and fringes; and

  (f) For the Court to retain jurisdiction of the case pending compliance with its orders; and

  (g) For such other and further relief as the Court may deem just.

       TUCKER ARENSBERG, P.C.

       *s/ Jeffrey J. Leech*
       Jeffrey J. Leech, Esquire
       PA I.D. #19814
       Neil J. Gregorio, Esquire
       PA I.D. #90859
       Attorneys for Plaintiffs,
       Greg Bernarding and David D. Daquelente, et al.

       1500 One PPG Place
       Pittsburgh, PA 15222
       (412) 566-1212

lit-643428.1:002845-173358